**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

EL PUENTE, et al.,

    *Plaintiffs,*

    v.

U.S. ARMY CORPS OF ENGINEERS, et al.,

    *Federal Defendants.*

Civ. No. 1:22-cv-02430-CJN

**FEDERAL DEFENDANTS'**
**ANSWER TO COMPLAINT**

      Federal Defendants, the United States Army Corps of Engineers ("Corps"), Lieutenant General Scott A. Spellmon, in his official capacity as the Chief of Engineers and Commanding General of the Corps, Gina Raimondo, in her official capacity as the Secretary of the Department of Commerce, the National Marine Fisheries Service ("NMFS"), Debra Haaland, in her official capacity as the Secretary of the Department of the Interior, and the United States Fish and Wildlife Service ("FWS"), provide the following Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief (ECF Doc. 1). Federal Defendants deny any allegations in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

      1.     The allegations in the first sentence of Paragraph 1 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In response to the allegations in the second sentence of Paragraph 1, Federal Defendants admit that the Port of San Juan is Puerto Rico's largest port, and deny the remaining allegations in the second sentence of Paragraph 1 as they are too vague and ambiguous to permit a response. The allegations in the third sentence of Paragraph 1 purport to characterize a federal statute, 33 U.S.C. § 1330, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations

inconsistent with the statute's plain language, meaning, or context. Federal Defendants admit the allegations in the fourth sentence of Paragraph 1.

2.      Federal Defendants deny the allegations in Paragraph 2.

3.      In response to the allegations in the first sentence of Paragraph 3, Federal Defendants admit that the San Juan Harbor, Puerto Rico Project ("Project") includes deepening of channels with associated channel widening and turning basins, to increase security, safety, and efficiency. Federal Defendants deny the remaining allegations in the first sentence of Paragraph 3 and the allegations in the second sentence of Paragraph 3.

4.      In response to the allegations in the first sentence of Paragraph 4, Federal Defendants admit that the Corps issued a Notice of Intent in the Federal Register on October 7, 2015, 80 Fed. Reg. 60,657 (October 7, 2015), and an Integrated Feasibility Report and Environmental Assessment in August 2018 ("2018 EA"). Federal Defendants deny the remaining allegations in the first sentence of Paragraph 4. In response to the second sentence of Paragraph 4, Federal Defendants admit that the Corps issued a Finding of No Significant Impact ("FONSI") for San Juan Harbor Navigation Improvement Study on November 5, 2018, and deny the remaining allegations.

5.      The allegations in the first and third sentences of Paragraph 5 purport to characterize the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context. Federal Defendants deny the allegations in the second, fourth and fifth sentences of Paragraph 5.

6.      Federal Defendants deny the allegations in the first sentence of Paragraph 6 and aver that the Project has not "locked in a fossil fuel pathway for Puerto Rico." In response to the

second sentence of Paragraph 6, Federal Defendants admit that Hurricane Irma and Hurricane Maria hit Puerto Rico in September 2017 and impacted power and services. The remaining allegations in the second sentence of Paragraph 6 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the third sentence of Paragraph 6 regarding the growth of "strong support" are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The remaining allegations in the third sentence of Paragraph 6 purport to characterize an unspecified law, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the law's plain language, meaning, or context. Federal Defendants deny the allegations in the fourth sentence of Paragraph 6.

7. Paragraph 7 purports to characterize the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context.

8. The allegations in the first sentence of Paragraph 8 purport to characterize the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context. Federal Defendants deny the allegations in the second sentence of Paragraph 8.

9. Paragraph 9 purports to characterize the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context.

10. Paragraph 10 purports to characterize the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context.

11.     Federal Defendants deny the allegations in the first and third sentences of Paragraph 11. The allegations in the second sentence of Paragraph 11 purport to characterize the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context.

12.     Federal Defendants deny the allegations in Paragraph 12.

13.     The allegations in Paragraph 13 purport to characterize Plaintiffs' case to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants deny that the Corps acted arbitrarily or capriciously, or contrary to law.

14.     The allegations in Paragraph 14 purport to characterize Plaintiffs' case and consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants deny that the Corps acted arbitrarily or capriciously, or contrary to law.

15.     The allegations in Paragraph 15 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16.     The allegations in the first sentence of Paragraph 16 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants admit the allegations in the second sentence of Paragraph 16.

17.     In response to the first sentence of Paragraph 17, Federal Defendants admit that they received a letter from Plaintiffs dated June 13, 2022. The remaining allegations in the first sentence of Paragraph 17 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second and third sentences of Paragraph 17 purport to characterize Plaintiffs' case and consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18.     In response to the ninth sentence of Paragraph 18, Federal Defendants deny the allegation that the Project "further entrenches the Puerto Rican energy system's reliance on fossil fuels." Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the remaining allegations in Paragraph 18 and deny them on that basis.

19.     Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in the first, second, third, fourth, fifth, and sixth sentences of Paragraph 19 and deny them on that basis. The allegations in the seventh sentence of Paragraph 19 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

20.     Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in the first seven sentences of Paragraph 20 and deny them on that basis. In response to the eighth sentence of Paragraph 20, Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations regarding the referenced El Puente member's interests and deny the remaining allegations. The allegations in the ninth sentence of Paragraph 20 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants deny the allegations in the tenth sentence of Paragraph 20. Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in the eleventh sentence of Paragraph 20 and deny them on that basis. The allegations in the twelfth sentence of Paragraph 20 purport to characterize a national goal, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the goal's plain language, meaning, or context.

21.     Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 21 and on that basis deny them.

22.     In response to the first sentence of Paragraph 22, the allegation that "CORALations brings this action on behalf of itself and its members" purports to characterize Plaintiffs' case to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the remaining allegations in Paragraph 22 and deny them on that basis.

23.     Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in the first, second, third, fourth, fifth, sixth, eighth, and ninth sentences of Paragraph 23 and deny them on that basis. In response to the seventh sentence of Paragraph 23, Federal Defendants deny the inference regarding "pollution" and "vessel traffic" caused by the Project, and lack information or knowledge sufficient to formulate an opinion as to the truth of the remaining allegations and deny them on that basis. Federal Defendants deny the allegations in the tenth and eleventh sentences of Paragraph 23.

24.     Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 24 and deny them on that basis.

25.     In response to the first sentence of Paragraph 25, the allegation that the "Center brings this action on behalf of itself and its members" purports to characterize Plaintiffs' case to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the remaining allegations in Paragraph 25 and deny them on that basis.

26.     In response to the first sentence of Paragraph 26, Federal Defendants deny the inference regarding the Project's "impacts on wildlife and their habitat," and lack information or knowledge sufficient to formulate an opinion as to the truth of the remaining allegations and deny them on that basis. Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in the second, third, fourth, fifth, sixth, and eighth sentences of Paragraph 26 and deny them on that basis. Federal Defendants deny the allegations in the seventh and ninth sentences of Paragraph 26.

27.     In response to the allegations in the first sentence of Paragraph 27, Federal Defendants admit that the Corps received a letter from Center for Biological Diversity and CORALations dated May 27, 2016, and a letter from CBD dated September 7, 2017, commenting on the proposed Project, and deny the remaining allegations in the first sentence of Paragraph 27. The allegations in the second sentence of Paragraph 27 purport to characterize CBD's and CORALations' comment letters, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the comment letters' plain language, meaning, or context. The remaining allegations in Paragraph 27 purport to characterize Plaintiffs' case and consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

28.     In response to the first sentence of Paragraph 28, Federal Defendants admit that the U.S. Army Corps of Engineers is a United States agency that, through its regulatory program, may permit work, including construction and dredging, in the navigable waters of the United States, and deny the remaining allegations. Federal Defendants admit the allegations in the second and third sentences of Paragraph 28. The allegations in the fourth sentence of Paragraph

28 purport to characterize Plaintiffs' case and consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

29.    Federal Defendants admit the allegations in the first sentence of Paragraph 29. The allegations in the second sentence of Paragraph 29 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

30.    Federal Defendants admit the allegations in the first sentence of Paragraph 30. Federal Defendants deny the allegations in the second sentence of Paragraph 30 and aver that the Department of Commerce, through NMFS, shares responsibility with FWS for administering the Endangered Species Act ("ESA") with regard to estuarine and marine species and their critical habitats. The allegations in the third sentence of Paragraph 30 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

31.    In response to the allegations in the first sentence of Paragraph 31, Federal Defendants admit that NMFS is an agency within the National Oceanic Atmospheric Administration, which is within the United States Department of Commerce. Federal Defendants deny the allegations in the second sentence of Paragraph 31 and aver NMFS shares responsibility with FWS for administering the ESA with regard to estuarine and marine species and their critical habitats.

32.    The Federal Defendants admit the allegations in the first sentence of Paragraph 32. Federal Defendants deny the allegations in the second sentence of Paragraph 32 and aver that the Department of the Interior, through FWS, is responsible for administering the ESA with regards to terrestrial and freshwater species and their critical habitats. The allegations in the third sentence of Paragraph 32 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

33.     Federal Defendants admit the allegations in the first sentence of Paragraph 33. Federal Defendants deny the allegations in the second sentence of Paragraph 33 and aver that FWS has been delegated to authority to administer the ESA with regards to terrestrial and freshwater species and their critical habitats.

34.     The allegations in Paragraph 34 purport to characterize the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.* ("NEPA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with NEPA's plain language, meaning, or context.

35.     The allegations in Paragraph 35 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with NEPA's plain language, meaning, or context.

36.     The allegations in Paragraph 36 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with NEPA or the regulations' plain language, meaning, or context.

37.     The allegations in Paragraph 37 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context.

38.     The allegations in Paragraph 38 purport to characterize an Executive Order, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Executive Order's plain language, meaning, or context.

39.     The allegations in Paragraph 39 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context.

40.     The allegations in Paragraph 40 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context.

41.     The allegations in Paragraph 41 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with NEPA or the regulations' plain language, meaning, or context.

42.     The allegations in Paragraph 42 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context.

43.     The allegations in Paragraph 43 purport to characterize the Clean Water Act, 33 U.S.C. §§ 1251 *et seq.*, and the National Estuary Program, 33 U.S.C. § 1330, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the statutes' plain language, meaning, or context.

44.     The allegations in Paragraph 44 purport to characterize the Clean Water Act and its implementing regulations, which speak for themselves and are the best evidence of their

contents. Federal Defendants deny any allegations inconsistent with the Clean Water Act's or the regulations' plain language, meaning, or context.

45.     The allegations in Paragraph 45 purport to characterize the Clean Water Act and its implementing regulations, which speaks for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Clean Water Act's or the regulations' plain language, meaning, or context.

46.     The allegations in Paragraph 46 purport to characterize the Clean Water Act's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context.

47.     The allegations in Paragraph 47 purport to characterize the Clean Water Act's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context.

48.     The allegations in Paragraph 48 purport to characterize the Clean Water Act's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context.

49.     The allegations in Paragraph 49 purport to characterize the Clean Water Act's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context.

50.     The allegations in Paragraph 50 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, or context.

51.     The allegations in Paragraph 51 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA or the regulations' plain language, meaning, or context.

52.     The allegations in Paragraph 52 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, or context.

53.     The allegations in Paragraph 53 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA or the regulations' plain language, meaning, or context.

54.     The allegations in Paragraph 54 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA or the regulations' plain language, meaning, or context.

55.     The allegations in Paragraph 55 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, or context.

56.     The allegations in Paragraph 56 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA or the regulations' plain language, meaning, or context.

57.     The allegations in Paragraph 57 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA or the regulations' plain language, meaning, or context.

58.     The allegations in Paragraph 58 purport to characterize the Administrative Procedure Act, 5 U.S.C. §§ 701–706 ("APA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the APA's plain language, meaning, or context.

59.     In response to the allegations in the first sentence of Paragraph 59, Federal Defendants admit that El Morro and El Cañuelo are part of the National Park System. The remaining allegations in the first sentence of Paragraph 59 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In response to the allegations in the second sentence of Paragraph 59, Federal Defendants admit that El Morro is part of the San Juan National Historic Site, that La Fortaleza and the San Juan National Historic Site are part of a UNESCO World Heritage Site, and that this property is inscribed on the World Heritage Site for its Outstanding Universal Value. Federal Defendants deny the remaining allegations in the second sentence of Paragraph 59 and aver that there are 24 properties in the United States inscribed on the World Heritage List for their Outstanding Universal Value. The allegations in

the third sentence of Paragraph 59 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis

60.     Federal Defendants admit the allegations in the first, second, third, and fourth sentences of Paragraph 60. The allegations in the fifth sentence of Paragraph 60 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

61.     The allegations in the first sentence of Paragraph 61 and the image included under Paragraph 61 purport to characterize the National Estuary Program, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the statute's plain language, meaning, or context. The allegations in the second and third sentences of Paragraph 61 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

62.     The allegations in the first sentence of Paragraph 62 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In response to the second sentence of Paragraph 62, Federal Defendants admit that the roseate tern is listed as threatened under the ESA and the yellow-shouldered blackbird is listed as endangered under the ESA. The remaining allegations in the second sentence of Paragraph 62 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

63.     The allegations in the first sentence of Paragraph 63 regarding sea turtle types that occur "in the area" are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. Federal Defendants deny the allegations in the second sentence of Paragraph 63 and aver that sea turtle nesting does not occur within the San Juan Bay Estuary but rather is limited to areas along Puerto Rico's northern coastal shoreline. In response to the third sentence Paragraph 63, Federal Defendants admit that hawksbill sea turtles are listed as

endangered under the ESA and that their populations worldwide have declined, and deny the remaining allegations in the third sentence of Paragraph 63. Federal Defendants admit the allegations in the fourth and fifth sentences of Paragraph 63.

64.     In response to the first sentence of Paragraph 64, Federal Defendants admit that the Antillean manatee is listed as threatened under the ESA and that the species swims in the waters of Puerto Rico, including San Juan Bay, and forages on seagrasses in the waters of Puerto Rico, including Condado Lagoon. The remaining allegations in the first sentence of Paragraph 64 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. Federal Defendants deny the allegations in the second sentence of Paragraph 64 and aver that the minimum island-wide population estimate for the Antillean manatee in Puerto Rico ranges from 312 to 535. In response to the third sentence of Paragraph 64, Federal Defendants admit that injuries from vessel collisions are the leading human-caused death to manatees in the waters of Puerto Rico, and deny the remaining allegations in the third sentence of Paragraph 64. The allegations in the fourth sentence of Paragraph 64 regarding speculative consequences to manatee "fitness and survival" and whether "many manatees" have scars are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis and aver that vessels can cause sublethal injuries to manatees and that some manatees have scars from vessel strikes.

65.     The allegations in the first and third sentences of Paragraph 65 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the second sentence of Paragraph 65 purport to characterize NMFS's Final Listing Determinations for Elkhorn Coral and Staghorn Coral, 71 Fed. Reg. 26,852 (May 9, 2006), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any

allegations inconsistent with the final listing determinations' plain language, meaning, or context. The images that are collectively labeled "Figure 2" purport to be photographs of the West Indian manatee, elkhorn coral, staghorn coral, and hawksbill sea turtle. The images speak for themselves and are the best evidence of their contents, and Federal Defendants deny any allegations inconsistent with their plain meaning or context.

66.     The allegations in the first, third, fourth and fifth sentences of Paragraph 66 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The second sentence of Paragraph 66 purports to characterize Puerto Rico Law 112 (2013), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the law's plain language, meaning, or context.

67.     The allegations in Paragraph 67 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

68.     Federal Defendants deny the allegations in the first sentence of Paragraph 68. The allegations in the second sentence of Paragraph 68 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

69.     In response to the first sentence of Paragraph 69, Federal Defendants admit that the Project is expected to remove approximately 2.2 million cubic yards of dredged material from the deepening of channels with associated channel widening and turning basins. Federal Defendants deny the remaining allegations in the first sentence of Paragraph 69. Federal Defendants deny the allegations in the second sentence of Paragraph 69. The image labeled "Figure 3" is a copy of an image contained in the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the image's plain language, meaning, or context.

70.     In response to the allegations in the first sentence of Paragraph 70, Federal Defendants admit that the Corps issued a Notice of Intent in the Federal Register on October 7, 2015, 80 Fed. Reg. 60,657 (October 7, 2015). The remaining allegations in the first sentence of Paragraph 70 purport to characterize the Notice of Intent, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Notice of Intent's plain language, meaning, or context. In response to the second sentence of Paragraph 70, Federal Defendants admit that the Corps issued the 2018 EA. The remaining allegations in the second sentence of Paragraph 70 purport to characterize the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context.

71.     In response to the first sentence of Paragraph 71, Federal Defendants admit that the Corps issued a draft Environmental Assessment for the Project for a 45-day public review period on August 8, 2017, and that Hurricanes Irma and Maria impacted Puerto Rico on September 7, 2017 and September 20, 2017, respectively. The allegations in the second, third, fourth and fifth sentences of Paragraph 71 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. Federal Defendants aver that Hurricanes Irma and Maria caused destruction, including impacts on power infrastructure and services throughout Puerto Rico.

72.     Federal Defendants deny the allegations of Paragraph 72.

73.     In response to the first sentence of Paragraph 73, Federal Defendants admit that the Corps issued the final 2018 EA in August 2018 and a Finding of No Significant Impact dated November 5, 2018. The remaining allegations in the first sentence of Paragraph 73 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The

allegations in the second sentence of Paragraph 73 purport to characterize the Corps' Chief of Engineer's report dated August 23, 2018, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the report's plain language, meaning, or context.

74.     Federal Defendants deny the allegations of Paragraph 74.

75.     Federal Defendants deny the allegations in Paragraph 75.

76.     Federal Defendants deny the allegations in Paragraph 76.

77.     Federal Defendants deny the allegations in Paragraph 77.

78.     Federal Defendants deny the allegations in the first and third sentences of Paragraph 78. The allegations in the second sentence of Paragraph 78 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

79.     In response to the first sentence of Paragraph 79, Federal Defendants admit that the Project would provide navigation improvements at San Juan Harbor to increase security, safety, and efficiency for the entire vessel fleet, including any liquefied natural gas ("LNG") tankers. The remaining allegations in the first sentence of Paragraph 79 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In response to the second sentence of Paragraph 79, Federal Defendants admit that after the Corps' FONSI, New Fortress Energy, LLC constructed a LNG handling facility without Federal Energy Regulatory Commission authorization. Federal Defendants deny the remaining allegations in the second sentence of Paragraph 79. Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in the third sentence of Paragraph 79 and deny them on that basis.

80.     Federal Defendants deny the allegations in the first sentence of Paragraph 80. The

allegations in the second sentence of Paragraph 80 purport to characterize the Puerto Rico

Energy Board's Integrated Resource Plan, which speaks for itself and is the best evidence of its

contents. Federal Defendants deny any allegations inconsistent with the plan's plain language,

meaning, or context. The allegations in the third sentence of Paragraph 80 consist of legal

conclusions to which no response is required. To the extent a response is required, the allegations

are denied. The allegations in the fourth sentence of Paragraph 80 are too vague and ambiguous

to permit a response, and Federal Defendants deny them on that basis.

81.     Federal Defendants deny the allegations in Paragraph 81.

82.     Federal Defendants deny the allegations in the first sentence of Paragraph 82 and

aver that the Corps did not propose dredging outside of the federal navigation channel until after

its preparation of the 2018 EA. The allegations in the second, third, and fourth sentences of

Paragraph 82 purport to characterize the Corps' October 2021 Draft Supplemental

Environmental Assessment for San Juan Harbor, Puerto Rico Seagrass Mitigation, Additional

Sand Source ("2021 Draft Supplemental EA"), which speaks for itself and is the best evidence of

its contents. Federal Defendants deny any allegations inconsistent with the 2021 Draft

Supplemental EA's plain language, meaning, or context.

83.     The allegations in the first and second sentences of Paragraph 83 purport to

characterize unspecified comments of the San Juan Bay National Estuary Program, which speak

for themselves and are the best evidence of their contents. Federal Defendants deny any

allegations inconsistent with the comments' plain language, meaning, or context. The allegations

in the third sentence of Paragraph 83 purport to characterize unspecified comments of the Puerto

Rico Planning Board, which speak for themselves and are the best evidence of their contents.

Federal Defendants deny any allegations inconsistent with the comments' plain language,

meaning, or context. Federal Defendants deny the allegations in the fourth sentence of Paragraph 83.

84.     Federal Defendants deny the allegations of Paragraph 84.

85.     Federal Defendants deny the allegations of Paragraph 85.

86.     Federal Defendants deny the allegations of Paragraph 86.

87.     Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 87 and deny them on that basis.

88.     Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 88 and deny them on that basis.

89.     Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 89 and deny them on that basis.

90.     Federal Defendants deny the allegations in the first sentence of Paragraph 90. The allegations in the second and third sentences of Paragraph 90 purport to characterize the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context. Federal Defendants deny any alleged violation of NEPA.

91.     Federal Defendants deny the allegations in Paragraph 91.

92.     The allegations in the first sentence of Paragraph 92 purport to characterize the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context. The allegations in the second and third sentences of Paragraph 92 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

93.     The allegations in Paragraph 93 purport to characterize the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context. Federal Defendants deny any alleged violation of NEPA.

94.     Federal Defendants deny the allegations in the first sentence of Paragraph 94. In response to the second sentence of Paragraph 94, Federal Defendants deny the allegations regarding "increased pollution and traffic" and the alleged "primary purpose of the project." The remaining allegations in the second sentence of Paragraph 94 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants deny any alleged violation of NEPA.

95.     The allegations in Paragraph 95 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

96.     Federal Defendants deny the allegations in the first sentence of Paragraph 96. The allegations in the second and third sentences of Paragraph 96 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

97.     The allegations in the first sentence of Paragraph 97 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the second sentence of Paragraph 97 purport to characterize the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context. The image labeled "Figure 4" is a copy of an image contained in the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the image's plain language, meaning, or context.

98.     Federal Defendants admit the allegations in the first sentence of Paragraph 98. Federal Defendants deny the allegations in the second sentence of Paragraph 98.

99.     Federal Defendants deny the allegations in Paragraph 99.

100.    Federal Defendants deny the allegations of Paragraph 100.

101.    The allegations in the first sentence of Paragraph 101 purport to characterize the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context. Federal Defendants deny the allegations in the second sentence of Paragraph 101. The allegations in the third and fourth sentences of Paragraph 101 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the fifth sentence of Paragraph 101 regarding the Corps' reliance on "old information" purport to characterize the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context. The remaining allegations in the fifth sentence of Paragraph 101 purport to characterize an unidentified study of a Port Miami dredging project ("Port Miami Study"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the study's plain language, meaning, or context. The allegations in the sixth sentence of Paragraph 101 purport to characterize the Corps' supplemental NEPA analysis for the Port Everglades, Florida Project, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the analysis's plain language, meaning, or context.

102.    Federal Defendants deny the allegations in the first sentence of Paragraph 102. The allegations in the second sentence of Paragraph 102 purport to characterize the Port Miami

Study, which speaks for itself and is the best evidence of its contents. Federal Defendants deny

any allegations inconsistent with the Port Miami Study's plain language, meaning, or context.

Federal Defendants deny the allegations in the third sentence of Paragraph 102.

103.    Federal Defendants deny the allegations in the first, fifth, and sixth sentence of

Paragraph 103. The allegations in the second and third sentences of Paragraph 103 are too vague

and ambiguous to permit a response, and Federal Defendants deny them on that basis. The

allegations in the fourth and seventh sentences of Paragraph 103 purport to characterize the 2018

EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any

allegations inconsistent with the 2018 EA's plain language, meaning, or context. Federal

Defendants deny any alleged violation of NEPA.

104.    The allegations in the first sentence of Paragraph 104 purport to characterize the

2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants

deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context.

Federal Defendants admit the second and third sentences of Paragraph 104. The allegations in

the fourth sentence of Paragraph 104 are too vague and ambiguous to permit a response, and

Federal Defendants deny them on that basis.

105.    Federal Defendants deny the allegations in Paragraph 105.

106.    Federal Defendants deny the allegations in the first sentence of Paragraph 106.

The allegations in the second sentence of Paragraph 106 purport to characterize unspecified

comments, which speak for themselves and are the best evidence of their contents. Federal

Defendants deny any allegations inconsistent with the comments' plain language, meaning, or

context.

107.    The allegations in the first sentence of Paragraph 107 purport to characterize a Freedom of Information Act ("FOIA") request submitted by El Puente de Williamsburg, Inc-Enlace Latino Acción Climática to the Corps, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the FOIA request's plain language, meaning, or context. Federal Defendants deny the allegations in the second and third sentences of Paragraph 107.

108.    Federal Defendants deny the allegations in Paragraph 108.

109.    The allegations in the first sentence of Paragraph 109 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the second sentence of Paragraph 109 purport to characterize a Puerto Rico law, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the law's plain language, meaning, or context. The allegations in the third sentence of Paragraph 109 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants deny any alleged violation of NEPA.

110.    In response to the first sentence of Paragraph 110, Federal Defendants admit that the Corps has not prepared an Environmental Impact Statement ("EIS") for the Project, aver that the Corps has prepared the 2021 Draft Supplemental EA, and deny the remaining allegations in the first sentence of Paragraph 110. Federal Defendants deny the allegations in the second sentence of Paragraph 110 and aver that the Corps prepared the 2021 Draft Supplemental EA. Federal Defendants deny the allegations in the third sentence of Paragraph 110. Federal Defendants deny any alleged violation of NEPA.

111.    Federal Defendants deny the allegations in Paragraph 111.

112.     Federal Defendants deny the allegations in the first sentence of Paragraph 112. The allegations in the second, third, and fourth sentence of Paragraph 112 purport to characterize Corps studies, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the studies' plain language, meaning, or context.

113.     The allegations in Paragraph 113 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

114.     Federal Defendants admit that the Corps did not prepare an EIS for the Project and deny the remaining allegations of Paragraph 114.

115.     Federal Defendants deny the allegations in Paragraph 115.

116.     In response to the allegations in Paragraph 116, Federal Defendants admit that NMFS issued a Biological Opinion, dated May 29, 2018, for the Project ("2018 Biological Opinion"). The remaining allegations in Paragraph 116 purport to characterize the 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 Biological Opinion's plain language, meaning, or context.

117.     In response to the allegations in Paragraph 117, Federal Defendants admit that FWS engaged in informal consultation with the Corps and sent a letter to the Corps dated June 21, 2018 regarding its informal consultation ("2018 Letter"). The remaining allegations in Paragraph 117 purport to characterize the 2018 Letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 Letter's plain language, meaning, or context.

118.     Federal Defendants deny the allegations in Paragraph 118.

119.    Federal Defendants deny the allegations in Paragraph 119.

120.    The allegations in the first sentence of Paragraph 120 purport to characterize an unidentified Corps document, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, or context. The allegations in the second, third, and fourth sentences of Paragraph 120 purport to characterize NMFS's 2018 Biological Opinion and FWS's 2018 Letter, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the 2018 Biological Opinion or 2018 Letter's plain language, meaning, or context.

121.    The allegations in the first sentence of Paragraph 121 purport to characterize NMFS's 2018 Biological Opinion and FWS's 2018 Letter, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the 2018 Biological Opinion or 2018 Letter's plain language, meaning, or context. The allegations in the second and fourth sentences of Paragraph 121 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. Federal Defendants deny the allegations in the third sentence of Paragraph 121.

122.    The allegations in Paragraph 122 purport to characterize NMFS's 2018 Biological Opinion and FWS's 2018 Letter, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the 2018 Biological Opinion or 2018 Letter's plain language, meaning, or context.

123.    The allegations in the first sentence of Paragraph 123 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the second sentence of Paragraph 123 purport to characterize FWS's 2018 Letter,

which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 Letter's plain language, meaning, or context.

124.     In response to the first sentence of Paragraph 124, Federal Defendants admit that approximately 190 leatherback sea turtles were killed as a result of vessel strikes in U.S. Atlantic and Gulf of Mexico waters between 2008 and 2017. Federal Defendants deny the allegations in the second sentence of Paragraph 124. In response to the third sentence of Paragraph 124, Federal Defendants deny that there are leatherback sea turtle nesting sites in Condado Lagoon. The remaining allegations in the third sentence of Paragraph 124 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the fourth and seventh sentences of Paragraph 124 purport to characterize NMFS's 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 Biological Opinion's plain language, meaning, or context. The allegations in the fifth and sixth sentences of Paragraph 124 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

125. The allegations in Paragraph 125 purport to characterize NMFS's 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 Biological Opinion's plain language, meaning, or context.

126.     Federal Defendants deny the allegations in Paragraph 126.

127.     The allegations in the first sentence of Paragraph 127 purport to characterize NMFS's 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 Biological Opinion's plain language, meaning, or context. Federal Defendants deny the allegations in the

second sentence of Paragraph 127. The allegations in the third and fourth sentences of Paragraph 127 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

128.    The allegations in the first and second sentences of Paragraph 128 purport to characterize NMFS's 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 Biological Opinion's plain language, meaning, or context. The allegations in the third sentence of Paragraph 128 purport to characterize the 2018 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 EA's plain language, meaning, or context. The allegations in the fourth and fifth sentences of Paragraph 128 purport to characterize unidentified monitoring data, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the data's plain language, meaning, or context. The allegations in the sixth sentence of Paragraph 128 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

129.    The allegations in the first, second, fourth, fifth, and sixth sentences of Paragraph 129 purport to characterize NMFS's 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 Biological Opinion's plain language, meaning, or context. Federal Defendants deny the allegations in the third sentence of Paragraph 129 and aver that one of the most significant hawksbill nesting sites within the United States is located on Mona Island, Puerto Rico.

130.    The allegations in the first and second sentences of Paragraph 130 purport to characterize NMFS's 2018 Biological Opinion and FWS's 2018 Letter, which speak for

themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the 2018 Biological Opinion or 2018 Letter's plain language, meaning, or context. Federal Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in the third sentence of Paragraph 130 and deny them on that basis, and aver that there are no records of the yellow-shouldered blackbird occurring in the San Juan Bay and the roseate tern does not nest in the San Juan Bay.

131.    The allegations in Paragraph 131 are too broad and generalized to permit a response, and Federal Defendants deny them on that basis.

132.    In response to the first sentence of Paragraph 132, Federal Defendants admit that artificial lighting may disorient sea turtles approaching nesting beaches and sea turtle hatchlings going seaward. The allegations in the second sentence of Paragraph 132 purport to characterize an unidentified ranking of threats to sea turtles in the Caribbean Region, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ranking's plain language, meaning, or context. The allegations in the third sentence of Paragraph 132 purport to characterize NMFS's 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2018 Biological Opinion's plain language, meaning, or context.

133.    Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

134.    The allegations in Paragraph 134 consist of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants admit that the Corps treated the Project as an action requiring NEPA compliance, but deny any remaining allegations.

135.    Federal Defendants deny the allegations in Paragraph 135.

136.    Federal Defendants deny the allegations in Paragraph 136.

137.    Federal Defendants deny the allegations in Paragraph 137.

138.    Federal Defendants deny the allegations in Paragraph 138.

139.    Federal Defendants deny the allegations in Paragraph 139.

140.    Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

141.    Federal Defendants deny the allegations in Paragraph 141.

142.    Federal Defendants deny the allegations in Paragraph 142.

143.    Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

144.    Federal Defendants deny the allegations in Paragraph 144.

145.    Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

146.    Federal Defendants deny the allegations in Paragraph 146.

147.    Federal Defendants deny the allegations in Paragraph 147.

148.    Federal Defendants deny the allegations in Paragraph 148.

149.    Federal Defendants deny the allegations in Paragraph 149.

150.    Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

151.    The allegations in Paragraph 151 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

152.    Federal Defendants deny the allegations in Paragraph 152.

153.    Federal Defendants deny the allegations in Paragraph 153.

154.    Federal Defendants deny the allegations in Paragraph 154.

155.    Federal Defendants deny the allegations in Paragraph 155.

156.    Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

157.    The allegations in Paragraph 157 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

158.    Federal Defendants deny the allegations in Paragraph 158.

159.    Federal Defendants deny the allegations in Paragraph 159.

160.    Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

161.    Federal Defendants deny the allegations in Paragraph 161.

162.    The allegations in Paragraph 162 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

163.    The allegations in the first sentence of Paragraph 163 are too broad and generalized to permit a response, and Federal Defendants deny them on that basis. Federal Defendants deny the allegations in the second sentence of Paragraph 163.

164.    In response to the allegations in Paragraph 164, Federal Defendants admit that the Corps and NMFS did not hold a conference on the effects of the Project on proposed critical habitat for Caribbean boulder star coral, lobed star coral, mountainous star coral, pillar coral, or rough cactus coral, and aver that critical habitat for these species was proposed three years after the Project decision. Federal Defendants deny the remaining allegations in Paragraph 164.

165.     The allegations in Paragraph 165 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

166.     The allegations in Paragraph 166 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

167.     Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

168.     Federal Defendants deny the allegations in Paragraph 168.

169.     Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

170.     The allegations in Paragraph 170 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

171.     Federal Defendants deny the allegations in the first sentence of Paragraph 171. The allegations in the second sentence of Paragraph 171 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

172.     The allegations in the first sentence of Paragraph 172 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants deny the allegations in the second sentence of Paragraph 172.

173.     The allegations in the first sentence of Paragraph 173 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants deny the allegations in the second sentence of Paragraph 173.

174.     Federal Defendants deny the allegations in Paragraph 174.

## PLAINTIFFS' PRAYER FOR RELIEF

The remainder of Plaintiffs' complaint constitutes their requests for relief, to which no response is required. To the extent a further response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations in Plaintiffs' complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

## DEFENSES

1.     The Court lacks jurisdiction over one or more of Plaintiffs' claims.

2.     One or more of Plaintiffs' claims for relief fail to state a claim for which relief can be granted.

3.     Plaintiffs lack standing to pursue one or more of their claims.


Dated:  October 31, 2022

Respectfully Submitted,

United States Department of Justice
Environment & Natural Resources Division
TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Acting Chief
BRIDGET KENNEDY McNEIL, Assistant Chief

*/s/ Michelle M. Spatz*
Michelle M. Spatz, Trial Attorney
D.C. Bar No. 1044400
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 598-9741
Email: michelle.spatz@usdoj.gov

Heather E. Gange, Senior Attorney
D.C. Bar No. 452615
Environmental Defense Section

P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 532-3157
Email: heather.gange@usdoj.gov


CHRISTOPHER C. HAIR, Trial Attorney
PA Bar # 306656
United States Department of Justice
Natural Resources Section
4 Constitution Square
150 M Street, NE, Suite 3.1004
Washington, D.C. 20002
Telephone (202) 305-0420
Email: christopher.hair@usdoj.gov

*Attorneys for Federal Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 31, 2022, I electronically filed and served the foregoing

Answer to Complaint on all counsel of record via the CM/ECF system.

*/s/ Michelle M. Spatz*
MICHELLE M. SPATZ, Trial Attorney
D.C. Bar No. 1044400
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Tel: (202) 598-9741; Fax: (202) 305-0275
E-mail: michelle.spatz@usdoj.gov

*Attorney for Federal Defendants*